SECOND INJURY FUND *v.*
SEDGWICK JAMES of ARKANSAS,
G. E. Railcar Repair, and Calvin Randle

CA 04–1008 206 S.W.3d 894

Court of Appeals of Arkansas
Opinion delivered April 13, 2005

*Judy W. Rudd*, for appellant.

*Thomas H. Johnson;* and *Charles D. Barnette,* for appellees.

D AVID M. GLOVER, Judge. This is a workers' compensation case that involves the Second Injury Trust Fund, appellant. The appellees are Calvin Randle, employee; G.E. Railcar Repair, employer; and Sedgwick James of Arkansas, carrier. On September 5, 1991, Calvin Randle suffered a compensable back injury while working for G.E. Railcar Repair. After two surgeries, he was able to return to his same job with G.E. Railcar Repair. The extent of his injury at that time was assessed at fifteen percent to his body as a whole. In August 1997, Randle suffered another injury while working for the same employer. In a December 15, 1999 opinion, the Commission affirmed and adopted the ALJ's finding that Randle suffered a compensable injury in August 1997 and that he was entitled to temporary-total disability benefits from January 20, 1998, to a date yet to be determined.

Following a June 6, 2003 hearing, the ALJ found, *inter alia,* that Randle was temporarily totally disabled for the period beginning January 20, 1998, and continuing through the end of his healing period, August 28, 2001; and that the Second Injury Fund was liable for the payment of permanent disability benefits to Randle in excess of the anatomical impairment arising out of the August 1997 compensable injury.

The Second Injury Fund appeals from the Commission's decision that the Fund was liable for the payment of the permanent disability benefits. G.E. Railcar and Sedgwick James cross-appeal from the Commission's decision that the claimant's healing period ended on August 28, 2001, rather than the earlier date of January 14, 1999. Cross-appellants included in their addendum a copy of their notice of cross-appeal. However, appellant's addendum does not include a copy of the notice of appeal. We are therefore compelled to return the briefs to appellant to cure this deficiency. In doing so, we acknowledge that Rule 4-2 of the Rules of the Supreme Court and the Court of Appeals has been an understandable source of confusion for members of the bar.

 Rule 4-2 addresses the contents of the briefs that are filed in our courts. It provides in pertinent part:

> (8) Addendum. Following the signature and certificate of service, the appellant's brief shall contain *an Addendum which shall include true and legible photocopies of* the order, judgment, decree,

ruling, letter opinion, or Workers' Compensation Commission opinion from which the appeal is taken, *along with any other relevant pleadings, documents, or exhibits essential to an understanding of the case and the Court's jurisdiction on appeal.* In the case of lengthy pleadings or documents, only relevant excerpts in context need to be included in the Addendum. Depending upon the issues on appeal, *the Addendum may include* such materials as the following: a contract, will, lease, or any other document; proffers of evidence; jury instructions or proffered jury instructions; the court's findings and conclusions of law; orders; administrative law judge's opinion; discovery documents; requests for admissions; *and relevant pleadings or documents essential to an understanding of the Court's jurisdiction on appeal such as the notice of appeal.* The Addendum shall include an index of its contents and shall also be clear where any item appearing in the Addendum can be found in the record. The appellee may prepare a supplemental Addendum if material on which the appellee relies is not in the appellant's Addendum. *Pursuant to subsection (c) below, the Clerk will refuse to accept an appellant's brief if its Addendum does not contain the required order, judgment, decree, ruling, letter opinion, or administrative law judge's opinion.* The appellee's brief shall only contain an Addendum to include an item which the appellant's Addendum fails to include.

(Emphasis added.) The source of confusion is clear from the portions of the rule that we have emphasized. The first sentence of the rule mandates the inclusion of any documents that are essential to an understanding of the court's jurisdiction on appeal. It is essential to our determination of jurisdiction that we have before us not only the order appealed from, but also the notice of appeal. Without the presence of both documents we cannot determine the timeliness of the filing of the notice of appeal, which is essential to our exercise of jurisdiction. Yet, later in the same rule, the notice of appeal is specifically listed in a sentence that indicates that it "may" be included. Moreover, the notice of appeal is not included in the list of documents for which the clerk can refuse to accept a brief if they are absent from the addendum.

However, even though we understand the source of the confusion, the fact remains that a copy of the notice of appeal, along with the order appealed from, must be included in the addendum. *See Villines v. Harris,* 361 Ark. 111, 204 S.W.3d 520

(2005). Therefore, appellant has fifteen days from the date of this opinion to file a substituted brief that includes a copy of the notice of appeal.

Rebriefing ordered.

BIRD and ROAF, JJ., agree.